UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MILLICENT REASON WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-285 (CEJ) |
| ) | |
| WORLD OMNI FINANCIAL ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants, ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion and the issues have been fully briefed.

**I. Background**

Plaintiff, a fifty-four year old African American woman, was employed by the defendants as a customer service representative from 2001 to 2009. Plaintiff's job responsibilities required her to call customers on the defendants' telephone system for the purposes of monitoring loan repayments. In 2009, the defendants terminated plaintiff for using the company's phone system to make personal phone calls. Plaintiff alleges that she was wrongfully terminated due to her race, sex, and age.

On August 26, 2010, plaintiff filed an amended complaint, asserting claims of race discrimination (Count I), defamation (Count II), retaliation (Count III), age discrimination (Count IV), and interference with ERISA benefits (Count V). In their motion, defendants move to dismiss Counts II, III, and V for failure to state a claim under Rule 12(b)(6). Defendants also move to dismiss all counts against defendants

1

Retirement Committee and JM Family Enterprise under Rule 12(b)(6). According to the defendants, plaintiff was not employed by the Retirement Committee or JM Family Enterprise, and therefore, neither defendant can be held liable for plaintiff's claims. Alternatively, defendants also request that the Court order plaintiff to re-plead her surviving claims with greater specificity.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

III. Discussion

In their motion to dismiss, the defendants repeatedly refer to evidence outside the pleadings. See (Doc. ## 40-2, 40-3, 40-4). The Federal Rules of Civil Procedure 12(d) provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as a motion for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The Court, therefore, will treat defendants' motion to dismiss as a motion for summary judgment. Because the motion does not include a statement of uncontroverted material facts as required by Local Rule 4.01(E), and discovery is not complete, the Court cannot determine whether a genuine fact dispute exists as to plaintiff's claims. Thus, granting defendant's motion for summary judgment would be premature.

Alternatively, defendants ask the Court to require plaintiff to re-plead her remaining claims with greater specificity. Defendants contend that plaintiff's complaint fails to specify the manner in which each defendant is liable and improperly commingles her claims by incorporating by reference all of the allegations contained in the paragraphs that precede each count. A complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must simply give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 998 (2002) (quoting Conley, 355 U.S. at 47). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. Id. The Court finds that plaintiff's complaint satisfies the requirements of Rule 8(a). Although plaintiff

commingles her claims in Counts II and IV, the Court does not believe that plaintiff's complaint hinders the defendants from framing a response.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion for summary judgment [# 40] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2011.